UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE WAYNE, #168363,

                    Petitioner,

                                          CASE NO. 2:15-CV-11490

v.                                  HONORABLE NANCY G. EDMUNDS

ROBERT NAPEL,

                    Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

## I.   Introduction

Michigan prisoner Terrance Wayne ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his current confinement. Petitioner pleaded no contest to first-degree home invasion, MICH. COMP. LAWS § 750.110a, in the Macomb County Circuit Court in exchange for the dismissal of a fourth habitual offender charge and concurrent sentencing with another case in which he pleaded no contest to assaulting a prison or jail employee. He was sentenced to 6 to 20 years imprisonment on the home invasion conviction and 289 days in jail (with full credit for time served) on the assault conviction in 2010.

In his pleadings, Petitioner raises claims concerning the effectiveness of counsel in advising him to plead no contest to home invasion and his "actual innocence" of home invasion. Petitioner indicates that he did not pursue a direct appeal of his home invasion conviction, but pursued a motion for relief from judgment with the state trial court on a

competency issue, which is not included in his current petition.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *Id.*, *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *See Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner's habeas claims are unexhausted and now barred by procedural default, such that the petition must be denied. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

## II.   **Facts and Procedural History**

Petitioner tendered his no contest pleas and was sentenced in 2010. He states that he did not pursue a direct appeal of his convictions in the state courts. Petitioner thereafter filed a motion for relief from judgment with the state trial court challenging both his home invasion and assault convictions and raising a competency issue. The state trial court denied the motion on March 1, 2012. *See* Opinion and Order attached to petition. Petitioner states that he did not appeal that decision in the state appellate courts.

Petitioner gave his federal habeas petition to prison officials for mailing on April 21,

2015.   In his petition, he challenges his home invasion conviction raising claims of ineffective assistance of counsel and "actual innocence."   The Court has not required Respondent to file an answer to the petition.

### III.   Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, governs this case because Petitioner filed her petition after the AEDPA's effective date.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA provides the following standard of review:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

### IV.   Analysis

A state prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  Each issue must be properly raised before both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement.  *Welch v. Burke*, 49 F. Supp. 2d 992, 998

3

(E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The claims must also be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The record shows that Petitioner did not pursue a direct appeal in the state courts and only raised a competency issue on collateral review in a motion for relief from judgment. The state trial court denied the motion and Petitioner did not seek leave to appeal that decision in the state appellate courts. The record further indicates that Petitioner has not presented his current habeas claims concerning the effectiveness of trial counsel and his innocence to the state courts on direct appeal or collateral review. Consequently, his habeas claims are unexhausted.

Moreover, Petitioner no longer has an available means by which to exhaust state court remedies. First, any attempt to complete the appellate process on collateral review would be untimely. The trial court denied Petitioner's motion for relief from judgment on March 1, 2012. He then had six months to file an application for leave to appeal with the Michigan Court of Appeals. MICH. CT. R. 6.508(F). He did not do so. Second, any attempt to file a second motion for relief from judgment would be futile. Under Michigan Court Rule 6.502(G)(1), a criminal defendant is generally permitted to file only one post-conviction motion for relief from judgment. *See, e.g., Gadomski v. Renico*, 258 F. App'x 781, 783 (6th Cir. 2007); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Petitioner's ineffective assistance of counsel and innocence claims do not fall within the exceptions

4

– a retroactive change in the law or newly-discovered evidence – for filing a second motion in state court. *See* MICH. CT. R. 6.508(G)(2).

Because Petitioner has not exhausted his habeas claims in the state courts and no longer has an available remedy by which to do so, his claims are now defaulted. When a habeas petitioner fails to properly present claims to the state courts and is barred from pursuing further relief under state law, he has procedurally defaulted those claims for purposes of federal habeas review. *See Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009) (citing *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002)).

Federal habeas relief is precluded on claims which have not been presented to the state courts in accordance with the state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

In this case, Petitioner fails to establish cause to excuse his procedural default. Any deficiencies by defense counsel relative to Petitioner's direct appeal are immaterial because Petitioner could have still exhausted his habeas claims by presenting them to the state courts on collateral review. Yet he failed to do so. Additionally, a prisoner's pro se status or lack of knowledge about state court rules does not constitute cause to excuse a procedural default. *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995); *Robertson v. Abramajtys*, 144 F. Supp. 2d 829, 838 (E.D. Mich. 2001). The Court need not address

5

the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Lastly, Petitioner fails to demonstrate that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Petitioner makes no such showing. Rather, he merely asserts that he was only guilty of assault and battery, not home invasion, based upon the evidence. Such a claim does not establish his actual innocence. Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Petitioner's habeas claims are thus barred by procedural default and do not warrant relief.

## V.    Conclusion

For the reasons stated, the Court concludes that Petitioner failed to fully exhaust his habeas claims in the state courts and those claims are now barred by procedural default. His habeas petition must therefore be denied and dismissed with prejudice.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find

the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id.*

Having considered the matter, the Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling and that Petitioner fails to make a substantial showing of the denial of a constitutional right. No certificate of appealability is warranted. Nor should Petitioner be granted leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. FED. R. APP. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** and that leave to proceed in forma pauperis on appeal is **DENIED**.


s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: May 1, 2015